David A. Chami, Esq.
Price Law Group, APC
1204 E. Baseline Rd. Suite 102
Tempe, AZ 85283
Tel: 818-995-4540
david@pricelawgroup.com
Attorney for Plaintiff,
Rhanda Lorenzen

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**

| | |
|---|---|
| RHANDA LORENZEN,<br><br>      Plaintiff,<br><br>vs.<br><br>TRANSWORLD SYSTEMS – NATIONAL DEBT COLLECTION COMPANY, AND CREDIT ONE BANK, N.A.<br><br>      Defendant. | Case No.:<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>**(Unlawful Debt Collection Practices)** |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Rhanda Lorenzen ("Plaintiff"), through her attorneys, alleges the following against Defendants, Transworld Systems- National Debt Collection Company ("Transworld") and Credit One Bank, N.A. ("Credit One") (collectively "Defendants").

**INTRODUCTION**

1. Count I of Plaintiff's Complaint is based upon the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. The TCPA is a federal statute that broadly regulates the use of automated telephone equipment. Among other things, the TCPA prohibits certain unsolicited marketing calls, restricts the use of automatic dialers or prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission ("FCC").

2. Count II of the Plaintiff's Complaint is based upon the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* which prohibits debt collectors from engaging in abusive, deceptive and unfair practices in connection with the collection of consumer debts.

3. Count III of the Plaintiffs Complaint is based on Illinois' recognition of common law invasion of privacy through intrusion upon seclusion.

**JURISDICTION AND VENUE**

4. Jurisdiction of the court arises under 28 U.S.C. § 1331, 15 U.S.C. 1692k(d) and 47 U.S.C. § 227.

5. Venue is proper pursuant to 28 U.S.C. 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this District.

6. Because Defendant transacts business here, personal jurisdiction is established.

**PARTIES**

7. Plaintiff is a natural person residing in Princeton, Bureau County, Illinois.

8. Plaintiff is a consumer as defined by 15 U.S.C. § 1692a(3).

9. Transworld is a collector of unsecured consumer debt with its headquarters located in California and regularly transacts business throughout the United

States and Illinois. Transworld may be served with process at its registered agent located at The Company Corporation, 2711 Centerville Road Suite 400, Wilmington, DE 19808.

10. Defendant, Transworld, engages in the practice of debt collection. Therefore is a debt collector as that term is defined by 15 U.S.C. § 1692a(6) and sought to collect a consumer debt from Plaintiff.

11. Credit One is a national banking association with its headquarters in Las Vegas, NV. Credit One may be served with process at 585 Pilot Road, Las Vegas, NV 89119.

12. Defendants' acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

13. The Defendants are attempting to collect a debt from Plaintiff.

14. The debt at issue arises out of an alleged transaction which was primarily for personal, family or household purposes and falls within the definition of "debt" under the FDCPA, 15 U.S.C. § 1692a(5)

15. On or about June 2017, Defendants began placing calls to Plaintiff's cellular phone number 815-878-8672, in an attempt to collect an alleged debt.

16. The calls came from the following telephone numbers: 815-491-8544, 815-491-8642, 815-491-8909, 815-491-8707, 815-491-8918, 815-491-8860, 815-491-8821, 815-491-8874, 815-491-8939, 815-491-8831, 815-491-8887, 815-491-8975, 815-491-8993 and 815-491-8943, 800-599-2346, 612-444-0402,

212-519-0550, 860-509-0926, 866-473-4868 and 973-241-1202; upon information and belief these numbers are owned or operated by Defendants.

17. On or around June 5, 2017, at approximately 6:03 p.m., Plaintiff answered a collection call from Defendant, Credit One, from telephone number 815-491-8544; Plaintiff heard a pause before the collection agent began to speak, indicating the use of an automated telephone dialing system.

18. Defendant informed Plaintiff that it was attempting to collect a debt.

19. Plaintiff instructed Defendant not to contact her any further.

20. At some time after June 5, 2017, Defendant, Credit One, hired Defendant, Transworld to contact Plaintiff on their behalf on the alleged outstanding debt.

21. As an agent of Credit One, Transworld Systems did not have consent to call Plaintiff since she revoked consent to be called on June 5, 2017.

22. Despite the revocation, Defendants continued to call Plaintiff multiple times a day.

23. The Defendants ignored Plaintiff's requests to cease calls and continued calling her through July 2017.

24. Upon information and belief, approximately 122 calls were made by the Defendant to the Plaintiffs cellular phone after Plaintiff had initially requested not to be contacted.

25. The Federal Communications Commission ("FCC") noted in its 2003 TCPA Order that a predictive dialer is "equipment that dials numbers and, when certain computer software is attached, also assists telemarketers in predicting when a sales agent will be available to take calls. The hardware, when paired with certain computer software, has the capacity to store or produce numbers

and dial those numbers at random, in sequential order, or from a database od numbers." *2003 TCPA Order*, 18 FCC Rcd at 14091, para. 131.

26. The FCC further explained that the "principal feature of predictive dialing software is a timing function, not number storage or generation." *Id.*

27. Finally, the FCC stated that "a predictive dialer falls within the meaning and statutory definition of 'automatic telephone dialing equipment' and the intent of Congress." *Id.* At 14091-92, paras. 132-33.

28. The conduct was not only willful but done with the intention of causing Plaintiff such distress, so as to induce her to pay the debt.

29. Plaintiff experienced embarrassment having to explain the contact phone calls to co-workers and friends.

30. The incessant calls after the Plaintiff requested calls cease caused extreme stress, and frustration. She was frequently reduced to tears and experienced anxiety.

31. As a result of Defendant's conduct, Plaintiff has sustained actual damages, including but not limited to, emotional and mental pain and anguish.

## COUNT I
### As to all Defendants
**(Violations of the TCPA, 47 U.S.C. § 227)**

32. Plaintiff incorporates by reference all of the above paragraphs of the Complaint as though fully stated herein.

33. Defendants violated the TCPA. Defendants' violations include, but are not limited to the following:

(a) Prior to the filing of the action, on multiple occasions, Defendants violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any

call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.

(b) Within four years prior to the filing of the action, on multiple occasions, Defendant willfully and/or knowingly contacted Plaintiff at Plaintiff's cellular telephone using an artificial prerecorded voice or an automatic telephone dialing system and as such, Defendant knowing and/or willfully violated the TCPA.

34. As a result of Defendants' violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that Defendant knowingly and/or willfully violated the TCPA, Plaintiff is entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT II
### As to Transworld Systems
**(Violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692)**

35. Plaintiff incorporates herein by reference all the above paragraphs of the complaint as though fully set forth herein at length.

36. Defendant, Transworld, violated provisions of the FDCPA, including but not limited to, the following:

   a. Defendant violated §1692d(5) by causing a telephone to ring 122 times repeatedly or continuously with intent to annoy, abuse or harass Plaintiff. Defendant called as often as seven times per day on several days.

b. Defendant violated §1692f by using unfair or unconscionable means to collect or attempt to collect any debt.

c. Defendant violated §1692c(a)(1) by calling Plaintiff at a time when they knew it was inconvenient for her to receive calls. Plaintiff requested that Transworld cease calls, but it ignored her request and continued to call her.

37. As a result of the above violations of the FDCPA, Transworld is liable to the Plaintiff for actual damages, statutory damages of up to $1,000 and attorney's fees and costs.

## COUNT III
**As to All Defendants**

38. Plaintiff incorporates herein by reference all of the above paragraphs of this complaint as though fully set forth herein at length.

39. Defendants' violated Plaintiff's right to privacy through intrusion upon seclusion.

40. Defendants' intentionally intruded into Plaintiff's right to privacy by calling her at least one hundred twenty-two (122) times in approximately six weeks after Plaintiff asked that the calls cease.

41. Defendant's intruded into Plaintiff's private affairs because they called her multiple times per day for six weeks straight; at times, up to seven times per day.

42. Defendants' actions would be highly offensive to a reasonable person.

43. Defendants' actions were unjustifiable, unreasonable and unwarranted because the Defendants' know Plaintiff did not want to be called anymore.

44. Due to Defendants' actions, Plaintiff is entitled to actual damages for emotional distress and mental pain and anguish.

**WHEREFORE**, Plaintiff, Rhanda Lorenzen, respectfully requests judgment be entered against Defendants, for the following:

A. Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A), 47 U.S.C. § 227(b)(3)(B);

B. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

C. Costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3);

D. Any other relief that the Honorable Court deems appropriate.

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands a trial by jury in this action.

//

//

RESPECTFULLY SUBMITTED,

Dated: February 27, 2018     By:    */s/ David A. Chami*
                                    David A. Chami, Esq.
                                    Price Law Group, APC
                                    1204 E. Baseline Rd. Suite 102
                                    Tempe, AZ 85283
                                    Tel: 818-995-4540
                                    david@pricelawgroup.com
                                    Attorney for Plaintiff,
                                    Rhanda Lorenzen